IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHNNY LEE NICHOLS, JR.                                      PLAINTIFF

        v.                    Civil No. 11-5282

STATE OF ARKANSAS, Benton
County Circuit Court, Division I;
CIRCUIT JUDGE ROBIN F. GREEN;
PUBLIC DEFENDER BRYNNA BARNICA;
JOHN DOE; PROSECUTOR VAN STONE;
PROSECUTOR JAY SAXTON; and
BRENDA DESHIELS, Benton County Circuit Clerk              DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff,

Johnny Lee Nichols, Jr., is currently an inmate of the Arkansas Department of Correction,

Wrightsville Unit, in Wrightsville, Arkansas.

The case is before me for preservice screening under the provisions of the Prison Litigation

Reform Act.  Also before me is Plaintiff's motion for leave to proceed *in forma pauperis* (IFP)(Doc.

1).

**1.  Background**

According to the allegations of the complaint, on June 22, 2011, Plaintiff entered into a plea

agreement on pending state charges.  At the time, his attorney, Brynna F. Barnica, told him he would

get jail credit for the time he already served in jail and would only have to serve one-third to one-half

of his sentence.  He states he did not agree to any changes to the plea agreement and only found out

about the changes on August 18, 2011.  On that day, Plaintiff states he found out about Act 1034 of

2005, codified at Ark. Code Ann. § 16-93-611, which provided that he could only earn good time credit at a reduced rate and must serve seventy percent of his sentence prior to be eligible for parole.[1]

Once he arrived at the Arkansas Department of Correction (ADC), he filed a motion for correction of the sentence and a petition pursuant Rule 37 of the Arkansas Rules of Criminal Procedure alleging ineffective assistance of counsel.  Plaintiff asserts that his motion for correction of the sentence was denied and his Rule 37 petition was found to be untimely.

As relief, Plaintiff asks to be released from prison and all charges dropped.  He also requests an award of damages in the amount of $10,000 per day from the date after August 18, 2011.

## 2.  Discussion

As noted above, the Plaintiff is an inmate of the ADC.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint.  *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982).  28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.).  *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

---

[1] This statutory provision was repealed by Acts of 2011, Act 570, § 96, effective July 27, 2011.

In his affidavit, Plaintiff indicates he has no cash, no asserts, and is not currently working. The records from the Arkansas Department of Correction show his monthly balance averaged $11.86. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, the claims are clearly subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, or are asserted against individuals immune from suit. First, Judge Green is immune from suit under § 1983. *Mireles v. Waco*, 502  U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale,* 42  F.3d 460, 462 (8th Cir. 1994).  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

Second, the deputy prosecuting attorneys, Van Stone and Jay Saxton, are immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430.  *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

To the extent the complaint seeks injunctive relief, I find the claim not cognizable.  While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff must show some substantial

likelihood that the past conduct alleged to be illegal will recur.  Plaintiff can make no such showing here.

Third, Brynna F. Barinica is not subject to suit under § 1983.  A § 1983 complaint must allege that each Defendant, acting under color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999).  Ms. Barnica was not acting under color of state law while representing Plaintiff in his criminal proceeding.  *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Fourth,  "state courts as entities are not vulnerable to a § 1983 suit because they are protected by immunity under the eleventh amendment."  *Mildfelt v. Circuit Court of Jackson County, Mo.*, 827 F.2d 343, 345 (8th Cir. 1987).  Moreover, it has been held that state courts are not "persons" subject to suit under § 1983.  *See e.g., Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Zuckerman v. Appellate Div.*, 421 F.2d 625, 626 (2nd Cir. 1970); *Kinney v. City of Cleveland*, 144 F. Supp. 2d 908 (N.D. Ohio 2001).

Fifth, Plaintiff does not identify a single action taken by Brenda Deshiels.  Moreover, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction."  *Boyer v. County of Washington*, 971 F.2d 100, 101 (8th Cir. 1992)(internal quotations marks and citation omitted).  *See also Maness v. District of Logan County-Northern Div.*, 495 F.3d 943 (8th Cir. 2007)(clerks absolutely immune for acts that may be seen as discretionary or for acts taken at the direction of a judge or according to court rule); *Clay v. Allen*,

242 F.3d 679, 682 (5th Cir. 2001)(court clerks absolutely immune from actions for damages for charging excessive bail–action required under court order or at a judge's discretion); *Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); *see also Davis v. McAteer,* 431 F.2d 81, 82 (8th Cir. 1970) (holding state court clerk who allegedly lost court file entitled to absolute immunity).

Finally, Plaintiff may not seek relief in the form of release from imprisonment and reversal of his conviction in a civil rights case under § 1983.  Section 1983 cannot be utilized to challenge the fact or duration of confinement.  *See Preiser v. Rodriguez,* 411 U.S. 475, 489-90 (habeas corpus is exclusive remedy for state prisoner who challenges fact or duration of his confinement and seeks immediate or speedier release).

### 3.  Conclusion

Accordingly, I recommend that Plaintiff's request to proceed *in forma pauperis* be denied. I further recommend the Complaint be dismissed in its entirety because the claims asserted are frivolous or are asserted against individuals immune from suit.  28 U.S.C. § 1915(e)(2)(B)(i-iii). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g).  I therefore recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The Plaintiff has fourteen (14)  days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of March 2012.

/s/ *J. Marschewski*
_____
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE